CHARACTER COMMITTEE FOR THIRD JUDICIAL CIRCUIT (BALTIMORE COUNTY) *v.* MANDRAS

[No. 165, September Term, 1963.]

*Decided January 9, 1964.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Clinton P. Pitts* and *Johnson Bowie,* with whom was *H. Courtenay Jenifer* on the brief, for appellant.

*Joseph Forer* for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order of the Maryland Board of Law Examiners reversing the action of the Character Committee of Baltimore County finding and reporting to the Board that the appellee, George Mandras, did not "possess the good moral character requisite for admission to the Maryland Bar". Under the Rules of this Court, governing registration of law students and admission to the Bar of Maryland, Fourth (5), Md. Code (1963 Supp.), Vol. 9A, p. 18, it is provided that "if the said Board [of Law Examiners] shall decide the applicant is entitled to registration or listing and the Character Committee having the matter in charge should desire to have such decision reviewed, the Character Committee shall have the privilege, upon ten days' notice to the applicant, of an appeal therefrom to the Court of Appeals within thirty days after such decision."

Rule Fourth (2) requires that students shall answer a ques-

tionnaire (Form A) eliciting information concerning personal history and prior conduct, and states that "[t]he applicant shall at all times have the burden of proving his or her good moral character * * *, and the failure of an applicant to answer any question * * * shall justify a finding that the applicant has not met the burden of proof of establishing the applicant's good moral character."

The applicant filled out Form A. He answered in the negative the following question: "Are you now or have you ever been a subversive person as defined by the Subversive Activities Act of 1949 of the General Assembly of Maryland?" (See Code (1957), Art. 85 A, sec. 1.) In the course of its investigation the Committee learned that Mandras had been a member of the Communist Party. When called before the Committee he frankly admitted that he had been a member of the party from March, 1948 until October, 1948, when he was 18 years of age. He denied that he had ever been a subversive person, or that he had ever advocated the overthrow of the government by force. In the light of the holding of the Supreme Court of the United States in *Schware v. Board of Law Examiners,* 353 U. S. 232 and *Konigsberg v. State Bar,* 353 U. S. 252, we agree with the Board of Law Examiners that the evidence was insufficient to support a finding of a lack of good moral character on this score. Nor do we have any evidence here of a refusal to answer questions relevant to the inquiry, as in the second *Konigsberg* case, 366 U. S. 36, where refusal to admit was affirmed by a sharply divided court.

The Committee contends, however, that the applicant was lacking in candor and evasive. We do not agree. He testified that one of the main reasons he joined the party was because he was interested in the candidacy of Henry Wallace in that election year. He subsequently joined the Democratic party. He was interested in civil liberties. In 1953 he left Hopkins, where he was studying, and went to Pittsburgh, where he had lived as a boy. He was unable at one point to recall the name of a Greek friend, but mentioned it later. Although one of his sponsors withdrew his name when he learned of the prior membership of the applicant in the Communist Party, the applicant produced letters from a number of other persons.

The Board not only found that Mandras was not a subversive person, after hearing the sworn testimony of witnesses and considering a number of letters that were put in evidence without objection, but found as a fact that Mandras had sustained the burden of establishing his good moral character. On the point of evasiveness the Board found that the alleged failure to furnish to the Committee the names of Pittsburgh acquaintances was met by the additional evidence supplied to the Board. The Board noted that the Committee made no effort to contact the persons whose names were supplied to the Committee. We note that the record is silent as to any objection, or request for additional time, on the part of the Committee. The Board found that the new evidence submitted strongly supported the applicant's good moral character. There was no evidence to the contrary.

Although we are aware of no rule on the subject and the provisions of the Administrative Procedure Act (Code (1963 Supp.), Art. 41, sec. 244 (a)) appear to be inapplicable, we think the Board's findings of fact are presumptively correct or at least entitled to weight where based upon the testimony of witnesses whose credibility may be in issue. Cf. *State Board v. Ruth,* 223 Md. 428, 436 and *Pinkston, Tr. v. Higham,* 224 Md. 513, 522. See also *N. Y. Library Ass'n v. Atwater,* 227 Md. 155, 157, and cases cited.

> *Order affirmed; costs of this appeal shall be paid by appellant, out of funds available to it under Rule Fourth (8).*